UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

Brian Trask,
1873 County Road 18
Wellsville, New York 14895

                          Plaintiff,                      COMPLAINT

  v.

                                                                Civ. No.: 19-cv-01192

Town of Alma
P.O. Box 67
5838 Allen Street
Allentown, New York 14707

                          Defendant.

_____

      The Plaintiff Brian Trask through his attorneys, Trevett Cristo, as and for his Complaint in this matter states as follows:

**PARTIES:**

1. Plaintiff Brian Trask is a citizen of the State of New York, resides within the jurisdiction of this Court and is an employee of the Defendant Town of Alma within the meaning of 29 U.S.C. §203(g)
2. Defendant Town of Alma is a political subdivision of the State of New York.
3. The Town of Alma maintains a highway department which is headed by an elected Superintendent of Highways.
4. Since on or about December 1, 2018, Trask, at the direction of the Superintendent of Highways, has performed the duties of Heavy Motor Equipment Operator for the Town of Alma.
5. Since on or about February 1, 2019 the Town of Alma has refused and continues to refuse to pay Trask agreed-upon wages in a timely manner in violation of the Fair Labor Standards Act, 29 USC sec. 201 et seq. ("FLSA")

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1337 and FLSA §16(b), 29 U.S.C. §216(b).

7. Venue in this Court is proper as the cause of action arose and the Plaintiff resides within the geographic jurisdiction of this District.

## FACTS

8. Pursuant to New York Town Law §20, among the officers elected by the Town of Alma are a "Supervisor" and a "Superintendent of Highways".

9. Pursuant to New York Highway Law §140(4) the Superintendent of Highways is responsible for the hiring, monitoring and direction of those employees of the Town working at the Highway Department.

10. A superintendent of highways directs town employees in the interest of the town and therefore incurs liability on the part of the town.

11. On or about December 7, 2018, Alma's Superintendent of Highways appointed Trask to the position of Heavy Motor Equipment Operator ("HMEO") within the Highway Department.

12. Trask's appointment was subject to a sixty-day probationary term.

13. On or about February 5, 2019 the Superintendent of Highways reported to the Alma Town Board that Trask had successfully completed his probationary period and was a full-time employee of the Highway Department.

14. At various times relevant hereto the Supervisor of the Town of Alma has asserted that (a) Trask failed to satisfactorily complete his probationary term; (b) Trask was discharged for cause during his probationary term; (c) funding for Trask's position was removed from the Town budget; and (d)Trask's presence on Town property constitutes trespassing.

15. Notwithstanding the positions taken by the Town Supervisor, Trask has performed and continues to perform the duties of an HMEO under the direction of the Superintendent of Highways.

16. In accordance with the payroll procedures of the Town of Alma, the Superintendent of Highways certifies, each payroll period, the number of hours Trask has worked and the appropriate wage payable for such hour of work.

17. The certification of the Superintendent of Highways has put the Town on notice that Trask is being permitted or suffered to work.
18. Notwithstanding the certification by the Superintendent of Highways that Trask is working, the Town, since on or about February 1, 2019, has failed and refused and continues to fail and refuse to timely pay Trask his regular rate for all hours worked plus time and one-half for overtime as required by the FLSA. 29 U.S.C. §206 & §207.
19. Trask's entitlement to wages pursuant to the FLSA is neither limited nor diminished by a petty dispute between two Town officers.
20. The Town has knowingly and willfully failed to pay regular wages and overtime pay in a timely manner each bi-weekly payday since February 1, 2019, and therefore is required to pay Trask, in addition to the wages certified by the Highway Superintendent, liquidated damages in an amount equal to the unpaid wages

## PRAYER FOR RELIEF

Wherefore, based on the Town's failure to timely pay wages and overtime as required by the FLSA, Trask is entitled to a judgment (1) directing the Town to comply with the prompt payment requirement of the FLSA; (2) paying Trask the contractually-required wages and overtime pay for all employed hours with respect to each pay period since February 1, 2019; (3) awarding an equal amount as liquidated damages; and (4) awarding costs, including reasonable attorney fees as permitted by the FLSA; together with such other and further relief as to the Court may seem just and proper.

September 5, 2019

Respectfully Submitted:

s/Michael T. Harren
Trevett Cristo
Michael T. Harren, Esq. and
Lucinda Lapoff, Esq.
*Of Counsel*
*Attorneys for the Plaintiff*
2 State Street, Suite 1000
Rochester, NY  14614
Email: mharren@trevettcristo.com
Tel: 585-454-2181 ext. 146